MOTOR TERMINALS, Inc. v. NATIONAL CAR CO. et al.

No. 10155.

United States Court of Appeals Third Circuit.

Argued May 24, 1950.

Decided June 15, 1950.

R. Randolph Hicks, New York City, (Southerland, Berl & Potter, Wilmington, Del., on the brief), for appellant.

James R. Morford, Wilmington, Del. (Morford, Bennethum, Marvel & Cooch, Wilmington, Del., Carl H. Richmond, Washington D. C., on the brief), for National Car Co., defendant-appellee.

Before GOODRICH, WOODBURY and KALODNER, Circuit Judges.

WOODBURY, Circuit Judge.

This is a derivative stockholder's suit instituted by the plaintiff as the holder of one-half of the stock of another corpora-

tion, the defendant National Fitch Corporation, for a declaratory judgment with respect to the meaning of certain provisions in a contract entered into by the latter and still a third corporation—the defendant National Car Company. Federal jurisdiction rests upon diversity of citizenship and amount in controversy.

The suit is peculiar in that the plaintiff is a corporation, rather than an individual. But this feature, although perhaps novel, is without legal significance in the view of counsel and the court below, and in our view also. We are not aware of the existence of any impediment to suits of this sort caused by the fact that the plaintiff-stockholder happens to be a corporation.

There is some question, however, as to whether or not "a case of actual controversy," 28 U.S.C.A. § 2201, exists between the parties with respect to the meaning of the words used in the contract with which this litigation is concerned. It appears that this issue of the actuality of the controversy between the parties was sharply contested in the court below, and that court, after careful consideration, expressed itself as "satisfied that in this case an 'actual controversy' exists." So are we. The point being jurisdictional, however, we think we should notice it despite the fact that it has not been pressed on this appeal.

The facts with respect to the genesis of the dispute to be gleaned from the pleadings and from the affidavits in support of the cross motions for summary judgment under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A.,[1] are these:

The Corporation on behalf of which this suit was brought, National Fitch, and the defendant National Car Company, entered into a contract on March 1, 1940, with respect to the prosecution of the business of manufacturing and renting apparatus for use in combined railroad and truck transportation of goods, apparently liquid goods in bulk, typically milk. For the

1. The court below denied the plaintiff's motion and granted the defendants' with costs, and this appeal is from the order entered in accordance with that action.

next seven years there was apparently no dispute between them over its meaning. But on March 5, 1947, the board of six directors of the corporation on whose behalf this suit was brought, National Fitch, failed by a tie vote to pass a motion made by one of them for arbitration with the defendant National Car as provided in the contract with respect to the meaning of certain of its terms. Then, in May 1947, a representative of the plaintiff called upon counsel for National Car and advanced, and attempted to support, certain contentions with respect to the meaning of the contract at variance with the practical construction of those terms by the parties to the contract over the preceding years. His contentions were summarily rejected, and this suit followed some eight months later.

■ Although no precise test is available, or possible, whereby it can be determined in every case whether an actual controversy exists. Maryland Casualty Co. v. Pacific Co., 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826, we think the facts outlined above are enough to establish jurisdiction, particularly in view of the further fact that the plaintiff corporation and National Car Company each own one-half the stock and each nominate three of six directors of National Fitch, the corporation on whose behalf this suit is brought, so that as a result it is not altogether a free agent in the premises. Whatever the merits of the controversy between the parties may be, there is no hint or suggestion that their dispute over the meaning of the contract is merely academic, or that it is "of a hypothetical or abstract character." Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240, 57 S.Ct. 461, 464, 81 L.Ed. 617, 108 A.L.R. 1000. Nor is there anything to indicate collusion between them. And certainly the controversy is one appropriate for the exercise of the judicial function for on the facts alleged there is "a concrete case admitting of an immediate and definitive determination of the legal rights of the parties in an adversary proceeding." 300 U.S. 241, 57 S. Ct. 464, 81 L.Ed. 617, 108 A.L.R. 1000. Therefore we conclude that "a case of actual controversy" within the meaning of those words as used in the Declaratory Judgment Act, supra, exists between the parties, and from this it follows that we have jurisdiction to consider the merits.

The merits, however, were fully considered by the court below, and we see no reason to canvass them again, for should we do so, it would only be to paraphrase the opinion already written in the case. It will suffice to say that after consideration of the briefs and oral arguments we are not disposed to add anything to, or to elaborate upon, the opinion of the District Judge.

The judgment of the District Court will be affirmed with costs in this court to the appellees.