WILLIAM J. ROUTSIS, Respondent-Appellant, v. DAVID SWANSON et al., Appellants-Respondents, and SEAWIND COMPANIA, S. A., Respondent.

First Department, June 14, 1966.

*John J. Foley* of counsel (*Robert P. Whelan* with him on the brief; *Foley & Grainger,* attorneys), for respondent-appellant.

*Martin J. McHugh* of counsel (*James M. Leonard* and *Henry P. Molloy* with him on the brief; *Werner, French & Molloy,* attorneys), for David Swanson and others, appellants-respondents.

*Theodore P. Daly* of counsel (*Melvin J. Tublin* with him on the brief; *Poles, Tublin & Patestides,* attorneys), for Michael Kulukundis and another, appellants-respondents.

*George A. Michel* for Orestes G. Christophides, appellant-respondent.

*Per Curiam.* The defendants appeal from a judgment entered in favor of plaintiff following a nonjury trial. By this action, brought on the basis of the pleading of many separate causes of action, the plaintiff sought recovery on several theories for injuries and damages in the alleged frustration of plaintiff's interests in a contract, dated May 22, 1958, between Crescent Line, Inc. (Crescent) and a corporation, Seawind Compania, S. A., in which plaintiff was a 40% stockholder.

The plaintiff and the defendant Christophides, by virtue of their interests in a prior steamship operation, known as the Pegasus Line, had possessed alleged valuable good will in the matter of contacts and association locally and with certain foreign firms and agents in the business of the shipping of General Motors products from the United States to ports in the Near East. The Pegasus Line, however, was an unsuccessful operation and, eventually, plaintiff and Christophides formed a Panamanian corporation, Seawind Compania, S. A. (Seawind), to hold and to contract with reference to their interests in the Near East shipping business. The plaintiff and Christophides each held 40% of the issued stock of said corporation with the remaining 20% held by third persons who had lost money in the Pegasus Line venture. On May 22, 1958, Seawind and Crescent entered into a written contract for the taking over by the latter of the shipping service from the United States to the ports in the Near East, with provisions for payment to Seawind of a certain commission based on gross manifests and of a share of the net profits realized on such service. Crescent entered upon the performance of the contract and about one quarter of the steamship cargo shipped over its lines consisted of General Motors cargo carried to the Near East. Crescent did pay Seawind substantial sums under the contract as commissions upon the gross manifests, but the Crescent operations were also unsuccessful and there were no net profits. Finally, in February and March, 1960, Crescent contracted to and did sell its steamship lines and all of its property, assets and good will, including the shipping service to the Near East, to the defendant, Kulukundis Lines, Ltd. (Kulukundis). As a result thereof, the contract between Crescent and Seawind has been repudiated and terminated, and this action is brought by plaintiff against Crescent, Kulukundis, Christophides and other defendants to recover for alleged wrongful acts in the conversion and destruction of plaintiff's alleged interest in Seawind and his alleged valuable business opportunities in the Near East shipping service.

The trial court, however, expressly found that the plaintiff had no "proprietary interest in any shape or manner in Crescent Line, Inc."; that "all understandings and agreements theretofore had between the parties were merged in" the May 22, 1958 contract; that "whatever rights Routsis [plaintiff] may have must be traced to the written contract of May 22, 1958, and that he had no other rights; and whatever relief I may grant will be based upon that contract and the actions of the parties relating to that contract"; that Routsis' [plaintiff] "rights emanate by virtue of the fact that he was a stockholder in Seawind". These findings and conclusions, with which we concur, negate the existence of any cause of action in favor of plaintiff individually to recover for an alleged loss resulting to him from the alleged repudiation or breach of the contract between Seawind and Crescent. They do not support the plaintiff's judgment which was stated to be awarded to compensate him "for any losses which he has sustained as the result of contract by Crescent Line [with Kulukundis] and as a result of the wrongful inducement of the breach of contract" by the other defendants.

The breach, if any, of the Seawind contract and the wrongful acts of defendants, if any, inducing the breach of the contract and resulting in the alleged loss to Seawind of a share in the Near East shipping profits, are not actionable by plaintiff on an individual basis. The corporate entity may not be disregarded so as to permit the plaintiff to sue individually for damages sustained by the alleged wrongs of the defendants. (See *Brock* v. *Poor*, 216 N. Y. 387; *Greenfield* v. *Denner*, 6 N Y 2d 867, revg. on dissenting opinion of BREITEL, J., 6 A D 2d 263; *Berzin* v. *Litton Ind.*, 24 A D 2d 740.)

The trial court further found (and the record supports the findings) that none "of the defendants were joint venturers with Routsis [plaintiff]"; and that there was no "fiduciary relationship between Routsis and * * * the defendants." The joint venture, if any, as originally agreed upon, became merged into the corporate enterprises of Seawind and Crescent. Under the circumstances, plaintiff has not established that he possessed rights of value extrinsic to the corporate entity of Seawind, and, therefore, he does not have an individual cause of action for the alleged wrongs of the defendants. (See *Miglietta* v. *Kennecott Copper Corp.*, 25 A D 2d 57.)

Finally, the plaintiff has failed to establish any wrongful conduct on the part of defendants. He has failed to prove that the transfer by Crescent to Kulukundis of the Near East shipping service, was other than legitimate and proper business transaction. Crescent was sustaining substantial losses in its ship-

ping operations and, as concluded by the trial court, it was not "under an obligation to continue in business indefinitely if it was operating at a loss." In any event, it was not established that the defendants, or any of them, in making new arrangements for the shipping service, acted fraudulently or maliciously with the specific intent to destroy or injure plaintiff's interest in Seawind or to deprive plaintiff of his interest and rights, if any, in the Seawind contract or in the Near East shipping business. The fact that the negotiations for the transfer of the shipping service to Kulukundis were conducted and consummated without notice to or knowledge of the plaintiff, as found by the trial court, does not lay the basis for an actionable conspiracy. (See *Wood* v. *Amory,* 105 N. Y. 278, 282.) The plaintiff's contention of the existence of a conspiracy between the defendants, without proof of tortious conduct on their part, is unavailing as a ground for a cause of action. "There is no substantive tort of conspiracy." (*Goldstein* v. *Siegel,* 19 A D 2d 489, 493.) "A conspiracy to do a lawful act does not give rise to a cause of action unless the act done was for the sole purpose of injuring a party." (*Connolly* v. *New York Shipping Assn.,* 20 A D 2d 18, 23.) The plaintiff has failed to establish any cause of action.

Upon the record, and on the law and the facts, the defendants were entitled to a judgment dismissing plaintiff's complaint. The judgment for plaintiff should be reversed, on the law and the facts, without costs or disbursements to any party, and judgment should be directed for defendants, without costs or disbursements.

BOTEIN, P. J., BREITEL, RABIN and EAGER, JJ., concur.

Judgment unanimously reversed, on the law and on the facts, without costs or disbursements to any party, and judgment directed in favor of the defendants-appellants-respondents dismissing the complaint.