KORVETTES, INC. and Galaries Anspach (New York) Inc., Appellants-Cross-Appellees,

v.

David B. BROUS, Appellee-Cross-Appellant.

Nos. 79–2098, 79–2280.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit Rule 12(6) March 18, 1980.

Decided April 1, 1980.

John J. Rizzo, Stryker, Tams & Dill, Newark, N.J., Coudert Brothers, New York City, for appellants-cross-appellees.

Stephen Rackow Kaye, Marianne Stecich, Proskauer, Rose, Goetz, & Mendelsohn, New York City, Dennis O'Grady, Riker, Danzig, Scherer, & Hyland, Newark, N.J., for appellee-cross-appellant.

Before SEITZ, Chief Judge, and ROSENN and HIGGINBOTHAM, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This lawsuit involves a contractual dispute between Korvettes, Inc., and its former chief executive officer, David B. Brous. The dispute primarily concerns events surrounding the transfer of 100% of the shares of Korvettes from Arlen Realty and Development Corporation (Arlen) to Galaries Anspach (New York), Inc., (GANY).

Brous became president and chief executive officer of Korvettes in 1972. On September 1, 1975, he signed a contract, the validity of which Korvettes now disputes, setting forth the terms of his employment through February 29, 1980. The contract provided for compensation in two forms: a regular salary at a fixed annual rate and additional compensation to be calculated by applying a formula to Korvettes's net annual earnings. The contract also provided for

compensation to be paid in the event of Brous's termination.

On March 13, 1979, during the negotiations between Arlen, the 100% owner of Korvettes, and GANY over the sale of the corporation, Brous and Korvettes executed an amendment to the 1975 contract. This 1979 amendment set the amount of additional compensation that Brous would receive for the year ending February 28, 1979, at $150,000 rather than at the amount that the formula in the 1975 contract would yield. Korvettes also disputes the validity of the amendment.

GANY gained control of Korvettes on April 4, 1979. On April 6, the new board of directors formally discharged Brous from his responsibilities as president and chief executive officer and replaced him with a representative of GANY. The following week, counsel for GANY and Brous began to negotiate the details of the termination of Brous's employment.

During these negotiations, counsel for Brous asserted claims to several items of compensation, including: the $150,000 additional compensation for the year ending February 28, 1979, as provided in the 1979 amendment; salary and additional compensation for the year ending February 29, 1980, as provided in the 1975 contract; and severance pay under the 1975 contract. GANY denied contractual liability for any of these items.

The present suit followed. The plaintiffs, Korvettes and GANY, seek an order declaring that the 1979 amendment and the 1975 contract are void and unenforceable. They assert that Korvettes's representatives in the negotiation of each of the two agreements lacked authority to act on behalf of the corporation. They further assert that the agreements are unenforceable because Brous breached duties owed to Korvettes under the 1975 contract and the common law. Finally, with regard to the 1979 amendment, they claim that the agreement lacked consideration and that it was conditioned upon GANY's approval, which never was received. Jurisdiction in the district court was based upon diversity of citizenship. 28 U.S.C. § 1332 (1976).

Shortly after the filing of the suit, Brous received a letter from Arlen concerning the 1979 amendment. Stating a desire "to avoid a further issue" over the amendment, Arlen promised to pay Brous the difference between the $150,000 promised in the amendment and the amount of additional compensation that Brous would have received under the 1975 contract. Thereupon, Brous withdrew his claim to payment under the 1979 amendment.

Brous moved to dismiss the complaint. The district court granted the motion. It found that the Arlen letter mooted any controversy that might have existed over the 1979 amendment. With regard to the 1975 contract, the court found that "no cause of action exists between the parties." It explained that GANY lacked standing to raise a challenge to the contract because it was not a shareholder of Korvettes at the time of the contract's execution. The court dismissed the complaint "without prejudice." GANY and Korvettes appeal the dismissal. Brous cross-appeals, arguing that the district court should have dismissed the complaint "with prejudice."

 The Declaratory Judgments Act sets as a prerequisite to declaratory relief that a "case of actual controversy" exist between the parties. 28 U.S.C. § 2201 (1976). At the initiation of this lawsuit, an actual controversy was present in the plaintiffs' challenge to each of the two agreements. The dispute between the parties was definite and concrete: the parties took directly adverse positions on the validity and enforceability of specific contractual obligations. The dispute was real and ripe for judicial review: the parties were engaged in negotiations over the termination of Brous's employment which could not proceed without resolution of the issues in dispute. *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41, 57 S.Ct. 461, 463–64, 81 L.Ed. 617 (1937); *Motor Terminals, Inc. v. National Car Co.*, 182 F.2d 732 (3d Cir. 1950).

However, litigants will not satisfy the "actual controversy" requirement when

their dispute becomes moot prior to judicial resolution. *Golden v. Zwickler*, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969). Because of Arlen's promise to satisfy any additional obligations that the 1979 amendment might have imposed on Korvettes, Brous no longer presses any demands under that agreement. There is no reason to believe that he will renew his demands against Korvettes unless Arlen either refutes its promise or becomes insolvent. Nothing in the record indicates that either contingency is likely. Therefore, the district court correctly ruled that appellants' challenge to the 1979 amendment is moot.

However, Arlen's promise did not extend to obligations imposed by the 1975 contract. Appellants' challenge to that agreement continues to present a live controversy.

■ The court's stated reason for dismissing the challenge to the 1975 contract, GANY's lack of standing, is insufficient. Whether or not GANY's dismissal as a party would be proper, a matter which we do not decide, the other plaintiff-appellant, Korvettes, surely has standing,. As a party to the 1975 contract, Korvettes would be liable for any valid and enforceable obligations under that contract. The fact that GANY acquired Korvettes after the execution of this contract is irrelevant. Korvettes is a corporation organized under the laws of New York. It has an existence distinct from its shareholders and a right to sue on matters related to the contractual obligations of the corporation without regard to the standing or interest of any of its shareholders. *See Routsis v. Swanson*, 26 App.Div.2d 67, 270 N.Y.S.2d 908 (1966). Nor do we see any significance in Brous's assertion that GANY has not satisfied the requirements of Fed.R.Civ.P. 23.1. Rule 23.1 is a requirement for filing derivative actions, and this is simply not a derivative action. Korvettes is present as a real party asserting its own interests.

■ Brous contends that the district court dismissed appellants' challenge to the 1975 contract on the merits. We do not agree. The only support for this position is an oblique reference in the court's opinion

to the alleged lack of authority in Korvettes's representative to execute the contract. The opinion does not discuss whether this allegation is sufficient to state a claim or whether the evidence supports a finding of a genuine issue of fact. It also fails to mention appellants' other ground for challenging the 1975 contract: Brous's breach of duties owed to Korvettes. We assume that a district court would not base a dismissal of a claim on a consideration of the merits of the claim without stating that it has ruled on the merits and, in accordance with good practice, stating the reasons for its ruling. *See De Tore v. Local 245, Jersey City Public Employees Union*, 615 F.2d 980, 985 (3d Cir.1980).

■ Brous's cross-appeal challenges the district court's labelling of its dismissal "without prejudice." Because we will reverse the dismissal of appellants' challenge to the 1975 contract, we need to consider this argument only with regard to their challenge to the 1979 amendment. The label "with prejudice" attached to the dismissal of a claim signifies that the dismissal is an adjudication of the merits and hence a bar to further litigation of the claim. The district court dismissed the challenge to the 1979 amendment on a jurisdictional point: the mootness of the controversy. *Cf. Motor Terminals, Inc. v. National Car Co.*, 182 F.2d 732, 733 (3d Cir. 1950) (characterizing the "actual controversy" requirement of 28 U.S.C. § 2201 as jurisdictional). A dismissal for lack of jurisdiction is plainly not a determination of the merits of a claim. Ordinarily, such a dismissal is "without prejudice." *See* Fed.R.Civ.P. 41(b). In the present case, the factual basis of the district court's finding of mootness, Arlen's promise to meet the additional obligations of the 1979 agreement, could change, and the controversy could revive. If this should occur, the dismissal of the claim in the present suit should not bar a refiling of the claim. Therefore, we find nothing improper in the district court's dismissal of this claim without prejudice.

The portion of the district court order that dismisses, without prejudice, the chal-

lenge to the 1979 amendment will be affirmed. The remainder of the order, that portion dismissing the challenge to the 1975 contract, will be vacated and the case remanded to the district court for further proceedings not inconsistent with this opinion.

We note that since the district court's entry of its judgment of dismissal, Brous has filed an action in the District of New Jersey that charges Korvettes with a breach of the employment contract. *Brous v. Korvettes, Inc.*, No. 79–2341 (D.N.J. filed Aug. 8, 1979). Because the issues that remain unresolved in this suit also may have been raised in Brous's suit, the district court should take the appropriate steps to avoid a possible duplication of efforts.

Each party shall bear its own costs.