■ HELEN B. GORMAN, Appellant, v DAVID P. GORMAN et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Amyot, J.), entered July 23, 1981 in Franklin County, which granted defendant Poissant's motion dismissing the amended complaint as against him. In the underlying action, plaintiff's complaint, seeking exemplary and punitive damages by reason of alleged conspiracy and fraud which induced her to sign a separation agreement, was dismissed with leave to replead. Following service of an

---

amended complaint which, in the main, parallels and repeats the original complaint, Special Term granted defendant Poissant's motion to dismiss for failure to state a cause of action and for failure of compliance with CPLR 3016 (subd [b]), and denied defendant Gorman's cross motion for the same relief. Upon this appeal, plaintiff first contends that the amended complaint sufficiently alleges a cause of action for conspiracy, and second, that the denial of dismissal against one alleged conspirator and not the other is inconsistent. We disagree. The gravamen of the amended complaint in paragraph 7 is that defendant Poissant allegedly agreed with defendant Gorman to commit wrongful acts to induce plaintiff to sign a separation agreement. The only amplification appears in paragraphs 13 and 15 in which both defendants allegedly misrepresented amounts of encumbrances to conceal the true value of real and personal property owned by defendant Gorman, and misrepresented values of other assets at less than market value. Bare conclusory allegations give neither the court nor defendant Poissant adequate notice of what plaintiff intends to prove. Essential material facts must appear on the face of a complaint (*Greschler v Greschler,* 71 AD2d 322, 325). Although pleadings should be liberally construed and a complaint not dismissed when a cause of action may be discerned no matter how poorly stated (CPLR 3026; *Guggenheimer v Ginsburg,* 43 NY2d 268, 275), explanation for the absence of essential facts supporting a cause of action must be furnished (*Greschler v Greschler,* 71 AD2d 322, 325, *supra*). The affidavit of plaintiff's attorney, who had no personal knowledge of the facts, containing essentially bald conclusory allegations, is without evidentiary value and thus unavailing (*Zuckerman v City of New York,* 49 NY2d 557, 563). CPLR 3016 (subd [b]) requires that the circumstances constituting the alleged fraud be stated in detail. There are no details set forth in the amended complaint. Bare allegations of fraud, which merely list the material elements of fraud without any supporting detail, are insufficient to satisfy the pleading requirements of CPLR 3016 (subd [b]) (*Langford v Cameron,* 73 AD2d 1001, 1003). Nor does the amended complaint set forth facts sufficient to state a cause of action for conspiracy. There is no tort of civil conspiracy in and of itself. There must first be pleaded specific wrongful acts which might constitute an independent tort (*Satin v Satin,* 69 AD2d 761, 762; *Routsis v Swanson,* 26 AD2d 67, 71). Order affirmed, with costs. Mahoney, P. J., Yesawich, Jr., Weiss and Levine, JJ., concur.