■ MBF CLEARING CORP., Appellant-Respondent, v KENNETH SHINE et al., Defendants, and WILLIAM J. O'BRIEN et al., Respondents-Appellants. [623 NYS2d 204] —Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about August 26, 1993, which, *inter alia,* granted defendants' motion for summary judgment pursuant to CPLR 3212 dismissing the verified amended complaint as against defendants William J. O'Brien, Bibi Baksh, Saheed Baksh, John P. Nesbitt and Denise M. Fahey ("defendants") and which denied the motion by defendant O'Brien for an award of sanctions and attorneys' fees against the plaintiff and its counsel, unanimously affirmed, without costs.

The IAS Court properly awarded summary judgment in favor of the defendants dismissing the first through fourth causes of action of the amended complaint for conspiracy to breach a contract, intentional misrepresentation, conspiracy to defraud, conversion and failure to recompense for fraudulent activities as against those defendants because plaintiff failed to produce evidentiary proof, in admissible form, with respect to whether the defendants had committed any acts which breached a Customer Agreement with the plaintiff for the establishment and operation of a commodities account, sufficient to establish the existence of material issues of fact requiring a trial *(Zuckerman v City of New York,* 49 NY2d 557, 562).

The first cause of action of the amended complaint, alleging that the defendants had violated an alleged precondition to the Customer Agreement by conspiring to place trade orders with brokers other than one Leon Zeppel, was properly dismissed since New York does not recognize a substantive tort of conspiracy *(Routsis v Swanson,* 26 AD2d 67, 71), nor a cause of action for conspiracy to breach an agreement to which one is a party, as are the defendants herein *(North Shore Bottling Co. v Schmidt & Sons,* 22 NY2d 171, 179).

The second cause of action for intentional misrepresentation

was also properly dismissed since the plaintiff failed to establish that there was a misrepresentation of fact made by any of the defendants, other than defendant Kenneth Shine, prior to the execution of the Customer Agreement, which was false and known to be false, for the purpose of inducing the plaintiff to enter into the Customer Agreement (*Ruse v Inta-Boro Two-Way Radio Taxi Assocs.*, 166 AD2d 641), and where the plaintiff, in alleging a cause of action based upon misrepresentation and fraud, failed to comply with CPLR 3016 (b) by stating the circumstances constituting the wrong in detail.

Dismissal of the third cause of action, alleging a conspiracy by the defendants to defraud and convert "plaintiff's time, assets, associations, employees' services and equipment", was also mandated by New York law which recognizes that a "mere conspiracy to commit a fraud is never of itself a cause of action" (*Brackett v Griswold*, 112 NY 454, 467; *Routsis v Swanson, supra*), particularly where, as here, the plaintiff, after several years of extensive discovery and examinations before trial, failed to establish, other than by conclusory allegations, any common scheme or plan between the defendants and defendant Kenneth Shine to deprive the plaintiff of its property.

Equally subject to dismissal is plaintiff's fourth cause of action for conversion of its "time, assets, associations, employees' services and equipment" since a cause of action for conversion of intangible property is not actionable under New York law (*Sporn v MCA Records*, 58 NY2d 482, 489), and since the plaintiff has failed to establish that the defendants exercised unauthorized dominion over plaintiff's assets or equipment to the exclusion of the plaintiff's rights (*Aetna Cas. & Sur. Co. v Glass*, 75 AD2d 786).

Nor have the defendants, in support of their cross appeal, established that the IAS Court abused its discretion in declining to grant sanctions and related relief against the plaintiff and its counsel for frivolous litigation pursuant to CPLR 8303-a and/or Rules of the Chief Administrator of the Courts (22 NYCRR) part 130 (*Matter of Minister of Refm. Prot. Dutch Church v 198 Broadway*, 76 NY2d 411). Concur—Murphy, P. J., Ellerin, Kupferman, Williams and Tom, JJ.