■ MURRAY HILL INVESTMENTS, INC., Plaintiff, v ADAS YEREIM, INC., et al., Defendants. (And a Third-Party Action.) (Action No. 1.) MURRAY HILL INVESTMENTS, INC., Appellant, v

CHEMICAL BANK, Respondent, et al., Defendants. (Action No. 2.) [649 NYS2d 810] —In related actions to recover damages for fraud and conversion, the plaintiff in Action No. 2 appeals from (1) an order of the Supreme Court, Kings County (G. Aronin, J.), dated March 14, 1995, which denied its motion for leave to renew Chemical Bank's prior motion for summary judgment dismissing the complaint in Action No. 2 insofar as asserted against it, and granted the cross motion of Chemical Bank for sanctions and attorney's fees pursuant to 22 NYCRR 130-1.1 (c), and (2) an order of the same court, dated January 4, 1996, which, after a hearing on the issue of appropriate sanctions or costs, directed the plaintiff to pay the defendant Chemical Bank costs pursuant to 22 NYCRR 130-1.1 (c) (1), in the sum of $3,500.

Ordered that the orders are affirmed, with one bill of costs.

The Supreme Court did not err in denying the plaintiff's motion to renew Chemical Bank's prior motion for summary judgment dismissing, *inter alia,* a cause of action premised upon its aiding and abetting a fraud. The new evidence presented did not raise a triable issue of fact as to whether Chemical Bank was aware of the fraud, which is an element of a cause of action for aiding and abetting a fraud (*see, Franco v English,* 210 AD2d 630; *National Westminster Bank v Weksel,* 124 AD2d 144). Furthermore, the Supreme Court did not improvidently exercise its discretion in awarding Chemical Bank costs as a result, among other things, of the plaintiff's baseless motion to renew (*see,* 22 NYCRR 130-1.1 [c] [1]). Thompson, J. P., Pizzuto, Goldstein and Luciano, JJ., concur.