■ MORALES MENDEZ, Appellant, v STEEN TRUCKING, INC., et al., Respondents. [680 NYS2d 134] —Order unanimously modified in the interest of justice and as modified affirmed with costs to plaintiff in accordance with the following Memorandum: Plaintiff made a $25,000 down payment toward the purchase of a truck from defendant Kenworth Trucking Company of Rochester (Kenworth Trucking) and unsuccessfully sought to finance the balance of $59,000. Thereafter, on December 29, 1986, plaintiff and defendant Steen Trucking, Inc. (Steen Trucking), entered into a written "sales transaction" in which Steen Trucking agreed to purchase the truck from Kenworth Trucking for $84,000 and lease it to plaintiff as a "lease purchase" in return for a down payment of $25,000, monthly insurance payments of $425.72, and 60 monthly payments of $1,450, after which plaintiff had the option of purchasing the truck for $1. Defendant Richard Steen (Steen) is the president of Steen Trucking and its successor in interest, defendant Johncox Trucking, Inc. (Johncox Trucking). According to plaintiff, defendant Western NY Motors Co., Inc. (Western NY Motors), is the successor in interest to Kenworth Trucking.

After 35 payments, plaintiff was unable to continue making them and Steen took possession of the truck. On August 9, 1990, plaintiff, Steen and another entered into a written agreement, whereby $2,500 was advanced to plaintiff, the truck was to be sold and after the sale, Steen would receive the $2,500 advanced to plaintiff together with the balance still due, amounting to $39,426. The agreement further provided that any money received from the sale in excess of $41,926 would be paid to plaintiff. The truck was eventually sold for the amount due and outstanding.

After commencing this action for breach of contract and various torts, plaintiff *pro se* moved, *inter alia*, for summary judgment. Steen, Steen Trucking and Kenworth Trucking cross-moved to dismiss the complaint against them on the ground of lack of personal jurisdiction, which defendants had raised as an affirmative defense in their answer as well as the defense of failure to state a cause of action. Neither Johncox Trucking nor Western NY Motors was a party to the cross motion.

Supreme Court converted the cross motion to dismiss for lack of jurisdiction into a cross motion for summary judgment, granted the cross motion and dismissed the complaint "in its entirety".

The court dismissed the first cause of action, which alleged breach of contract by Kenworth Trucking and Western NY Motors, as time-barred by the four-year Statute of Limitations of

UCC 2-725. Although Kenworth Trucking did not plead the Statute of Limitations as an affirmative defense in its answer, the court nevertheless took "judicial notice" of the Statute of Limitations. It did not address the jurisdictional issue raised in the cross motion to dismiss.

The Statute of Limitations is an affirmative defense that must be pleaded and proved (*see*, CPLR 3018 [b]; 3211 [a] [5]; Siegel, NY Prac § 34, at 38 [2d ed]). "The statute of limitations must be raised either by a motion to dismiss or as a defense in the answer; a defendant who does neither waives it" (*ibid.*, citing CPLR 3018 [b]; 3211 [a] [5]; *see*, CPLR 3211 [e]). Because Kenworth Trucking neither pleaded the affirmative defense of Statute of Limitations in its answer nor moved to dismiss on the ground of Statute of Limitations, it waived that defense (*see*, *Matter of Dauenhauer v Continental Cas. Ins. Co.*, 217 AD2d 943, 944).

Further, although a court without request may take judicial notice of the common law, constitutions and statutes of the United States and of every State (*see*, CPLR 4511 [a]), it may not take judicial notice *sua sponte* that an action is barred by the Statute of Limitations. A Statute of Limitations defense is waivable, and failure to raise it does not deprive the court of jurisdiction (*see*, *Matter of Dauenhauer v Continental Cas. Ins. Co.*, *supra*, at 944).

The court also lacked the authority to convert the cross motion to dismiss for lack of jurisdiction into a motion for summary judgment. The cross motion did not bring up for review a defense asserted by Kenworth Trucking in its answer, in its motion to dismiss, or in its submissions opposing plaintiff's motion (*see*, *Dunham v Hilco Constr. Co.*, 89 NY2d 425, 430). Apart from improperly shifting the burden of proof, the court denied plaintiff an opportunity to argue the issue (*see*, *Dunham v Hilco Constr. Co.*, *supra*, at 430; *DeSanctis v Laudeman*, 169 AD2d 1026, 1027; *see also*, *Mihlovan v Grozavu*, 72 NY2d 506, 508).

Although an appeal is ordinarily limited to the issues raised by the appellant, the errors here are so fundamental that we nevertheless reach them (*see*, *Breitung v Canzano*, 238 AD2d 901, 902), and we modify the order by reinstating the first cause of action against Kenworth Trucking and Western NY Motors.

The second cause of action, which alleges fraud against Steen and Steen Trucking, was properly dismissed for failure to state a cause of action (*see*, *Dunham v Hilco Constr. Co.*, *supra*, at 429-430). The complaint fails to allege that those defendants

misrepresented or intentionally concealed a material fact upon which plaintiff reasonably relied to his detriment (*see, Almap Holdings v Bank Leumi Trust Co.*, 196 AD2d 518, 518-519, *lv denied* 83 NY2d 754; *see also*, CPLR 3013, 3016 [b]; *Boyle v Burkich*, 245 AD2d 609).

Because "New York does not recognize a substantive tort of conspiracy (*Routsis v Swanson*, 26 AD2d 67, 71), nor a cause of action for conspiracy to breach an agreement to which one is a party, as are the defendants herein (*North Shore Bottling Co. v C. Schmidt & Sons*, 22 NY2d 171, 179)" (*MBF Clearing Corp. v Shine*, 212 AD2d 478), the third cause of action for conspiracy was properly dismissed.

The fourth cause of action, asserted against Steen and Steen Trucking for rescission of the December 29, 1986 agreement, was properly dismissed. The ground asserted by plaintiff for rescission, i.e., seizure without a repossession hearing, is insufficient to sustain that cause of action (*see generally, Babylon Assocs. v County of Suffolk*, 101 AD2d 207, 215; *cf., Albany Motor Inn & Rest. v Watkins*, 85 AD2d 797, 798, *lv denied* 56 NY2d 508).

Finally, the fifth and sixth causes of action, alleging intentional interference with a business relationship and seeking replevin, were also properly dismissed. Plaintiff may not contradict the terms of the August 9, 1990 written agreement by presenting proof of an oral understanding that predated the written agreement. The truck was sold in accordance with the terms of the written agreement, and plaintiff may not now claim title to it or obtain its return. (Appeal from Order of Supreme Court, Monroe County, Stander, J.—Summary Judgment.) Present—Denman, P. J., Green, Pigott, Jr., Callahan and Boehm, JJ.