■ LENORA J. CHENEY, Respondent-Appellant, v J.C. PENNEY Co., INC., et al., Appellants-Respondents, et al., Defendant. [705 NYS2d 156] —Order unanimously modified on the law and

as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly denied that part of defendants' motion seeking dismissal of the third cause of action. By failing to plead the Statute of Limitations as an affirmative defense in their answer and by failing to move to dismiss the third cause of action as barred by the Statute of Limitations, defendants waived that defense (*see, Mendez v Steen Trucking,* 254 AD2d 715, 716). The allegations of the amended complaint are sufficient to make out a prima facie case of intentional infliction of emotional distress (*see, Howell v New York Post Co.,* 81 NY2d 115, 120-121; *cf., Lawson v Electronic Data Sys.,* 184 AD2d 1037, *lv denied* 80 NY2d 757).

The court erred, however, in granting that part of defendants' motion seeking dismissal of the fourth and fifth causes of action. Plaintiff raised an issue of fact whether her Equal Employment Opportunity Commission (EEOC) complaint was timely (*see, Cornwell v Robinson,* 23 F3d 694, 704). If plaintiff's EEOC complaint was timely, plaintiff may raise the issue whether her subsequent discharge constituted retaliatory conduct on the part of her employer without being required to file another complaint with EEOC (*see, Owens v New York City Hous. Auth.,* 934 F2d 405, 410-411, *cert denied* 502 US 964). We modify the order, therefore, by denying that part of defendants' motion seeking dismissal of the fourth and fifth causes of action and reinstating those causes of action. (Appeals from Order of Supreme Court, Niagara County, Joslin, J.—Dismiss Pleading.) Present—Pigott, Jr., P. J., Pine, Wisner and Scudder, JJ.