Argued and submitted May 30, reversed and remanded in part; otherwise affirmed
October 31, 2001

Cecilia MALLON,
nka Melissa C. Mallon,
*Respondent - Cross-Appellant,*

*v.*

Douglas CUDAHEY,
*Respondent - Cross-Respondent,*

*and*

STATE OF OREGON,
ex rel STATE OF NEW YORK,
*Appellant.*

99C-32826; A109349

38 P3d 946

Richard D. Wasserman, Assistant Attorney General, argued the cause for appellant. With him on the briefs were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Mark Kramer argued the cause for respondent - cross-appellant. With him on the brief was Kramer & Associates.

Richard F. Alway argued the cause for respondent - cross-respondent. With him on the brief was Alway & Craig.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

## KISTLER, J.

The state registered a 1999 New York judgment in Oregon pursuant to ORS 110.303 *et seq.*, the Uniform Interstate Family Support Act (UIFSA).[1] The trial court vacated the registration. The state appeals, and mother cross-appeals, arguing that the trial court erred in holding that the statute of limitations had run on the obligations that the 1999 judgment embodied.[2] We reverse and remand.

Mother and respondent met in New York and were involved in a relationship there for approximately two and a half years. Mother gave birth to a child in September 1967 in New York. Respondent denied that he was the father. Respondent left New York in 1968 and moved to Oregon. He did not tell mother that he was leaving or where he was going. In 1969, mother retained an attorney to assist her in obtaining child support. That year, a New York court issued a support order, which established that respondent was the father of the child and ordered him to pay $25 a week until the child reached 21. Respondent never made any payments under that order.

Mother remained in New York for the next 20 years, receiving public assistance to help support her child. For approximately two years after the court entered the support order, mother and her attorney tried to locate respondent in order to collect child support. Neither was able to do so. Mother then assigned her rights to support to the State of New York, which was also unable to find respondent.

In 1998, mother discovered that respondent was living in Oregon. She then hired another attorney in New York to help her recover the unpaid child support that respondent owed her. Mother filed an action in New York and served respondent in Oregon with an order to show cause why the New York court should not order payment of arrearages. Respondent failed to respond or appear. On October 1, 1999, the New York court entered a "short form order," which

---

[1] Oregon adopted UIFSA in part in 1993. *See* ORS 110.303 *et seq.*

[2] Because mother's arguments parallel those of the state, we refer only to the state's arguments.

authorized the entry of a judgment against respondent. The short form order recited that respondent had been personally served but had neither appeared nor asserted the statute of limitations as an affirmative defense.[3] On October 15, 1999, the New York court entered a judgment against respondent for $21,320, the total amount of child support due under the 1969 order.

On August 18, 1999, the State of Oregon, pursuant to UIFSA, registered the 1969 support order in circuit court. The state served notice of that registration on respondent, who filed a timely objection and request for hearing. On October 19, 1999, the state registered the October 1, 1999, short form order issued by the New York court. The state gave respondent notice of that registration as well, and again respondent filed a timely objection. On November 3, 1999, the state registered the October 15, 1999, New York judgment. The state gave respondent notice of this final registration, but he did not file any additional objection.

The trial court held a hearing to consider respondent's objections to the various orders and judgments that the state had registered. At the hearing, respondent argued, among other things, that the statute of limitations barred the state from enforcing the child support arrearages. More specifically, respondent argued that a provision of UIFSA, ORS 110.420(1)(g), allowed him to raise a statute of limitations defense against the registered orders. The trial court agreed with respondent's argument, holding that the statute of limitations had run on the 1969 support order. The court vacated that registration. It also vacated the registration for the 1999 New York short form order and the 1999 New York judgment on the theory that both the short form order and the judgment were based on the 1969 support order.

■ On appeal, the dispositive issue is whether the trial court erred in vacating the 1999 New York judgment because

---

[3] The short form order stated:

"According to plaintiff, defendant left the jurisdiction after the [1969 support] order was rendered and never paid any sums due, pursuant to the order. * * * Defendant was personally served with this application and has neither appeared nor asserted either the affirmative defense of lack of personal-long arm-jurisdiction or the applicable statute of limitations."

the statute of limitations barred the state from enforcing that judgment in Oregon. At first blush, it is difficult to see why the statute of limitations would pose a bar. The New York court entered the judgment on October 15, 1999, and the state registered the judgment in Oregon 19 days later. On its face, the judgment is not time barred. Respondent, however, argues that the 1999 judgment is based on arrearages that were themselves time barred. That may be true, but respondent did not appear in the New York proceeding or object to the entry of the 1999 judgment on that ground; under New York law, he waived any statute-of-limitations defense that he might have had. *Mendez v. Steen Trucking*, 254 App Div 2d 715, 716, 680 NYS2d 134 (1998). Respondent's argument thus reduces to the proposition that ORS 110.420(1)(g) permits him to raise the statute-of-limitations defense in Oregon that he waived in New York.

We begin with the text and context of ORS 110.420(1)(g). *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993). UIFSA provides a procedure by which one state's support orders may be registered and enforced in another state. The nonregistering party may contest the validity or enforcement of the registered order. ORS 110.417(1). One of the defenses that a nonregistering party may raise is that "[t]he [applicable] statute of limitations * * * precludes enforcement of some or all of the arrearages."[4] ORS 110.420(1)(g).

Focusing on the use of the word "arrearages," respondent argues that, if the arrearages reflected in the 1999 judgment are themselves time barred, then ORS 110.420(1)(g) bars the enforcement of what would otherwise be an enforceable judgment. The state responds that ORS 110.420(1)(g) is more limited in its reach. According to the state, that statute does not permit a respondent to go behind a judgment that, on its face, may be enforced. Rather, the statute-of-limitations defense that ORS 110.420(1)(g) recognizes is limited to asking whether the judgment for arrearages is itself time barred. Although the state's interpretation is more consistent with the ordinary understanding of a statute of limitations,

---

[4] ORS 110.411 provides a rule for determining which state's statute of limitations applies.

*see Twaddell v. Anderson*, 136 NC App 56, 69, 523 SE2d 710 (1999), we cannot say that respondent's argument is textually impermissible. Nor are we aware of any statutory context that resolves the issue one way or the other. We accordingly look to the legislative history. *See PGE*, 317 Or at 611-12.

The commentary to UIFSA supports the state's interpretation. In discussing the defenses that a respondent may raise to a registered order, the commentary notes:

> "[R]espondent may assert defenses such as 'payment' or 'the obligation has terminated' to allegations of past noncompliance with the registered order. Similarly, a constitutionally-based attack may always be asserted[.] *There is no defense, however, to the registration of a valid foreign support order.*"[5]

Commentary, Uniform Interstate Family Support Act, § 606 (1996) (emphasis added). Two propositions may be drawn from this comment. First, if the order itself is valid, there is no defense to it. Put in the context of this case, if the 1999 judgment is not barred by the statute of limitations, UIFSA does not permit respondent to argue that the obligations that the judgment embodies are themselves time barred. Second, and more generally, the comment focuses on whether the order or judgment is itself valid. It thus adopts a different methodology for determining the validity of support orders than respondent urges.

One final consideration supports our conclusion that the state's interpretation is correct. When a statute is susceptible to two interpretations, we should interpret the statute to avoid constitutional problems. *See Westwood Homeowners' Assn., Inc. v. Lane County*, 318 Or 146, 160, 864 P2d 350 (1993). Respondent's interpretation of ORS 110.410(1)(g) raises critical problems under the Full Faith and Credit Clause.[6] *See Twaddell*, 136 NC App at 66-67. Under that

---

[5] "Support order" means a "judgment, decree or order, whether temporary, final or subject to modification, for the benefit of a child, a spouse or a former spouse, which provides for monetary support, health care, arrearages or reimbursement, and may include related costs and fees, interest, income withholding, attorney fees and other relief." ORS 110.303(21).

[6] Article IV, section 1, of the United States Constitution, provides:

clause, Oregon must give the New York judgment the same effect that it would have in New York. *See Delehant v. Board on Police Standards,* 317 Or 273, 281-82, 855 P2d 1088 (1993). New York would not permit respondent to bring a collateral challenge to the 1999 judgment based on the statute of limitations; under its laws, respondent waived any statute-of-limitations defense that he might have raised when he failed to appear and raise that defense in the 1999 proceedings. *Mendez,* 254 App Div 2d at 716.[7] Because respondent would be barred in New York from raising a statute-of-limitations defense to enforcement of the 1999 judgment, an interpretation of ORS 110.420(1)(g) that would give less effect to the judgment in Oregon than it would have in New York raises substantial, if not insurmountable, constitutional problems.

Considering the text, context, and legislative history of the statute and also our obligation to interpret statutes, if possible, constitutionally, we hold that ORS 110.410(1)(g) does not permit respondent to challenge the 1999 judgment on the ground that the obligations it embodies are themselves time barred. We reverse the trial court's decision to vacate registration of the 1999 judgment and remand.

Reversed and remanded as to the 1999 New York judgment; otherwise affirmed.

---

"Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

[7] Respondent argues that the Full Faith and Credit for Child Support Act, 28 USC § 1738B, supports his position, but that statute permits the nonregistering party to raise any defense that he or she could have raised in the originating state to enforcement of the judgment. *See* 28 USC § 1738B(h)(2); *Tepper v. Hoch,* 140 NC App 354, 360, 536 SE2d 654 (2000). Because respondent could not have raised a statute-of-limitations defense to the enforcement of the 1999 judgment in New York, the statute does not aid respondent.