■ DIANA AGOSTINI, Appellant, v LEAH B. SOBOL et al., Defendants, and HOWARD M. FILE et al., Respondents. [757 NYS2d 555] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered March 12, 2002, which, to the extent appealed from as limited by the brief, granted the motion of defendants Howard M. File and Howard M. File, Esq., P.C. and the cross motion of defendants Stephen P. Long and Ballon, Stoll, Bader & Nadler, P.C., pursuant to CPLR 3211 (a) (1) and (7), to dismiss the second and fourth causes of action in the amended complaint in this action to recover damages for defendants' purported deprivation of plaintiff's right of first refusal to purchase 50% of the shares of a real estate holding company, unanimously affirmed, with costs.

The court properly dismissed the causes of action for conspiracy to commit fraud and aiding and abetting fraud against the attorney defendants. A " 'mere conspiracy to commit a fraud is never of itself a cause of action' " (*MBF Clearing Corp. v Shine*, 212 AD2d 478, 479 [1995], quoting *Brackett v Griswold*, 112 NY 454, 467 [1889]), particularly where, as here, plaintiff "failed to establish, other than by conclusory allegations, any common scheme or plan" (*MBF Clearing, supra* at 479) to defraud plaintiff of her right of first refusal. Contrary to plaintiff's belief, the mere fact that correspondence indicates that defendant Sobol told defendant Cassos that she would inform defendant File about Sobol's and Cassos's "agreement" does not tend to establish that she did in fact so inform Mr. File, much less that Mr. File participated in a scheme to effectuate a sale of stock without affording plaintiff her right of first refusal.

As for defendant Long, the fact that he, in drafting the stock purchase agreement that memorialized the purportedly fraudulent stock transfer, included language making the proposed transaction subject to a shareholders' agreement that included plaintiff's right of first refusal, fatally undermines the notion that Long was participating in a scheme to defraud plaintiff of that right.

To the extent that plaintiff also alleges that the File and Long defendants aided and abetted fraud, plaintiff has failed to make the necessary factual allegations that those defendants were aware of a fraud and intended to aid in the commission of the fraud (*see Murray Hill Invs. v Adas Yereim, Inc.*, 233 AD2d 305, 306 [1996]; *National Westminster Bank v Weksel*, 124 AD2d 144, 147 [1987], *lv denied* 70 NY2d 604 [1987]).

The court properly dismissed the cause of action alleging a violation of Judiciary Law § 487, since plaintiff did not sufficiently plead facts demonstrating that defendant attorneys had the "intent to deceive the court or any party." (§ 487 [1].)

While plaintiff's claims against the attorney defendants lack merit, they are not frivolous and do not warrant the imposition of sanctions. Concur—Buckley, P.J., Rosenberger, Ellerin, Wallach and Lerner, JJ.