**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2513
_____

DR. HARSHAD C. PATEL,
                    Appellant
v.

ALLSTATE NEW JERSEY INSURANCE COMPANY;
ALLSTATE INSURANCE COMPANY;
ALLSTATE INDEMNITY COMPANY;
ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY;
ALLSTATE NEW JERSEY PROPERTY AND CASUALTY INSURANCE
COMPANY;
ENCOMPASS INSURANCE;
ALLSTATE INSURANCE JOHN DOES 1-10;
STATE FARM INDEMNITY COMPANY;
STATE FARM JOHN DOES 1-10;
LIBERTY MUTUAL INSURANCE COMPANY;
LIBERTY MUTUAL INSURANCE COMPANY JOHN DOES 1-10;
ATTORNEY GENERAL NEW JERSEY;
CHRISTOPHER IU, in his official capacity as commissioner of
New Jersey Office of Insurance Fraud Prosecutor;
ABC INSURANCE COMPANIES 1-50;
JOHN DOES 1-50
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 3-14-cv-07549)
District Judge: Honorable Peter G. Sheridan
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 29, 2016
_____

Before: VANASKIE, SHWARTZ, and RESTREPO, *Circuit Judges*

OPINION[*]
_____

VANASKIE, *Circuit Judge.*

Appellant Dr. Harshad Patel commenced this action alleging that the Office of the New Jersey Attorney General and the Office of the New Jersey Insurance Fraud Prosecutor improperly "outsourced" state criminal investigations to insurance companies. Because of this alleged outsourcing, Dr. Patel contends that he was deprived of rights secured by the Fifth and Sixth Amendments to the United States Constitution. The District Court dismissed Dr. Patel's Complaint with prejudice because he had not alleged any concrete injury as a result of the purported "outsourcing" of the prosecutorial function. We agree that dismissal was warranted, but will vacate the dismissal with prejudice and direct that the dismissal be made "without prejudice."

I.

We write primarily for the parties, who are familiar with the facts and procedural history of this case. Accordingly, we set forth only those facts necessary to our analysis.

Dr. Patel brought this action pursuant to 42 U.S.C. § 1983, alleging that his Fifth and Sixth Amendment rights were violated by the New Jersey Attorney General, the New

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jersey Office of Insurance Fraud Prosecutor ("OIFP"), and the Special Investigations Units of several private insurance companies ("SIUs") (collectively "Defendants" or "Appellees").  Specifically, Dr. Patel contends that Appellees deprived him of his constitutional rights because the Attorney General and OIFP allegedly used the New Jersey Insurance Fraud Protection Act ("IFPA"), N.J. Stat. Ann. § 17:33A–1, *et seq.*, to "outsource" criminal investigations to the SIUs.

According to Dr. Patel, this "outsourcing" implicates constitutional concerns because the SIUs have a vested economic interest in the prosecution of insurance fraud. Dr. Patel asserts that the alleged criminal investigations conducted by SIUs effectively circumvent "the protections afforded by the United States and New Jersey Constitutions in connection with self-incrimination, the right to counsel, the requirement under New Jersey law to provide notice to a target of a criminal investigation, and the requirement to convene a grand jury."  Appellant's Br. 2 (citation omitted).  In order to support his claims, Dr. Patel relies on *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787 (1987), to argue that "the appointment of an interested investigator, such as the Insurance Company SIUs, is *per se* improper[.]"  Appellant's Br. 8 (citation omitted).

The Defendants filed motions to dismiss for lack of jurisdiction and for failure to state a claim.  On May 18, 2015, the District Court heard argument on the motions and issued an oral opinion finding that it lacked jurisdiction because Dr. Patel had not suffered an injury-in-fact sufficient to confer standing.  The District Court formalized its

ruling by way of an order—entered on May 19, 2015—granting the Defendants' motions to dismiss, and dismissing Dr. Patel's Complaint with prejudice. This appeal followed.

## II.

This Court exercises plenary review over District Court orders dismissing a complaint for lack of standing. *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 371 (3d Cir. 2015). "The party invoking federal jurisdiction bears the burden of establishing" the elements of standing and "each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.,* with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992) (citations omitted). "Thus, 'when standing is challenged on the basis of the pleadings, we accept as true all material allegations in the complaint, and . . . construe the complaint in favor of the complaining party.'" *FOCUS v. Allegheny Cty. Court of Common Pleas*, 75 F.3d 834, 838 (3d Cir. 1996) (quoting *Pennell v. City of San Jose*, 485 U.S. 1, 7 (1988) (citation and internal quotation marks omitted)).

## III.

The question before us is whether the allegations sustain Dr. Patel's standing to bring this lawsuit. We find that Dr. Patel's allegations are insufficient, and that the District Court correctly found that Dr. Patel lacks standing to bring this action.

"No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases

or controversies." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 37 (1976) (citing *Flast v. Cohen*, 392 U.S. 83, 95 (1968)). One of the most important justiciability doctrines is that "a litigant have 'standing' to invoke the power of a federal court." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 244 (3d Cir. 2012) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)).

To establish Article III standing, a plaintiff must demonstrate: (1) an injury-in-fact; (2) a sufficient causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision. *See Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014); *Finkelman v. Nat'l Football League*, 810 F.3d 187, 193 (3d Cir. 2016). Of these three required elements for standing, "the injury-in-fact element is often determinative." *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 138 (3d Cir. 2009) (citations omitted). Here also, the injury-in-fact element is determinative.

For there to be an injury-in-fact, a plaintiff must claim "the invasion of a concrete and particularized legally protected interest" resulting in harm "that is actual or imminent, not conjectural or hypothetical." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 278 (3d Cir. 2014) (citing *Lujan*, 504 U.S. at 560), *cert. denied*, 135 S. Ct. 1738 (2015). To be "concrete," an injury must be "real, or distinct and palpable, as opposed to merely abstract." *N.J. Physicians, Inc. v. President of the United States*, 653 F.3d 234, 238 (3d Cir. 2011) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983), and *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). To be "particularized," an injury

5

"must affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1. To be "imminent," an injury must "be 'certainly impending.'" *Pub. Interest Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 122 (3d Cir. 1997) (quoting *Whitmore*, 495 U.S. at 155–58).

According to Dr. Patel, "[t]he viability of [his] claims as pled in this matter are contingent upon this Court's interpretation of the rights afforded under *Young* . . . ." Appellant's Reply Br. 1 (citing, *inter alia*, 481 U.S. 787 (1987)). Specifically, "Dr. Patel maintains that the Court's ruling in *Young* prohibits criminal investigations and prosecutions by the parties that have an economic interest in the outcome, holding that the existence of an economic interest in the criminal investigation and prosecution is *per se* unconstitutional and improper." *Id.* In other words, according to Dr. Patel, "the viability" of his claims as plead in this matter "are contingent" upon a criminal investigation or prosecution that is *per se* unconstitutional and improper. *Cf. id.*

Even when we accept this premise of Dr. Patel's argument, his claims fail because he never alleges that there is—or ever was—a criminal investigation or prosecution against him. To the contrary, Dr. Patel specifically concedes that he was not, and is not, the focus of a criminal investigation or prosecution:

> Dr. Patel has not been arrested; he has not been charged with a criminal violation under New Jersey's Insurance Fraud Prevention Act, *N.J.S.A.* 17:33A-1, *et seq.* ("IFPA"); he has not been advised that he is the target of a criminal investigation; he is not asking this Court to assume he will become the target of any criminal investigation; and, he is not asking this Court to assume he will be arrested for criminal violations of the IFPA.

6

Appellant's Reply Br. 2–3; *see also* App. 74, ¶ 38 ("[T]here have not been any criminal charges filed against Dr. Patel.").[1]

In light of these facts, Dr. Patel cannot demonstrate the requisite injury to support constitutional standing. *Cf. Whitmore*, 495 U.S. at 155–60. Instead, we find that, given his concession, Dr. Patel's Complaint was rightly dismissed because it is apparent that the claims and injury described in the Complaint are simply "conjectural or hypothetical," and not "actual or imminent" as required by Article III of the Constitution. *See Blunt*, 767 F.3d at 278 (citing *Lujan*, 504 U.S. at 560).

Dr. Patel attempts to evade the Article III requirement of demonstrating an injury-in-fact by arguing that "[i]f it is per se unconstitutional and improper for criminal investigations and prosecutions to be conducted by parties with an economic interest in the outcome, then [he] is not required to show that he has been arrested or charged under the IFPA or been made the target of the investigation." Appellant's Reply Br. 3; *see also* App. 74, ¶ 38 (noting that the fact that there were no criminal charges "does not bar his requested relief here as a criminal prosecution and/or conviction is not a prerequisite to asserting a claim that a criminal investigation and prosecution by a private actor was improper."). Dr. Patel's argument is flawed for two basic reasons.

First, while Dr. Patel is correct that he does not need to wait for criminal charges to be filed, he is still required to *at least* "show that the threatened injury is so imminent as to be 'certainly impending.'" *Pub. Interest Research Grp. of N.J., Inc.*, 123 F.3d at

---

[1] Dr. Patel does note that he is a defendant in three separate *civil* IFPA matters.

122 (quoting *Whitmore*, 495 U.S. at 155–58).  By conceding that "he is not asking this Court to assume he will become the target of any criminal investigation" and "is not asking this Court to assume he will be arrested for criminal violations of the IFPA," Dr. Patel does not even attempt to make this showing.  *Cf. Younger v. Harris*, 401 U.S. 37, 42 (1971) ("[P]ersons having no fears of state prosecution except those that are imaginary or speculative, are not to be accepted as appropriate plaintiffs[.]") (citation omitted).

Second, because he concedes that he was not, and is not, the focus of a criminal investigation, Dr. Patel is improperly seeking a declaration for a hypothetical situation. We do not have jurisdiction to render an advisory opinion about a hypothetical practice. *See In re Lazy Days' RV Ctr. Inc.*, 724 F.3d 418, 421 (3d Cir. 2013) ("Federal Courts have no jurisdiction to render advisory opinions.  Put another way, they 'may not decide questions that cannot affect the rights of litigants in the case before them or give opinions advising what the law would be upon a hypothetical state of facts.'") (quoting *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013) (citation, internal quotation marks, and alteration omitted)).

Taking this all into consideration, Dr. Patel's claim fails because he concedes that he was not, and is not, the target of a criminal investigation or prosecution.  Accordingly, our inquiry stops here as Dr. Patel lacks standing to bring this action.

IV.

Although we agree with the determination that Dr. Patel lacks standing, we are nonetheless constrained to vacate the District Court's dismissal order and remand with

8

instructions to dismiss this case *without prejudice*. In this regard, we point out that once the District Court determined that Dr. Patel did not have standing, it necessarily determined that it did not have jurisdiction and thus could not decide the merits of the case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *Goode v. City of Philadelphia*, 539 F.3d 311, 327 (3d Cir. 2008). Because the District Court could not adjudicate the merits of the case, it was barred from imposing "a sanction which will terminate the case on the merits." *In re Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152, 157 (3d Cir. 1997). Accordingly, we must vacate the dismissal of the action with prejudice. *Id.*; *see also Korvettes, Inc. v. Brous*, 617 F.2d 1021, 1024 (3d Cir. 1980) ("A dismissal for lack of jurisdiction is plainly not a determination of the merits of a claim. Ordinarily, such a dismissal is 'without prejudice.'") (citation omitted). On remand, the District Court shall modify the order of dismissal in accordance with this opinion and dismiss the case without prejudice.